IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MENG XIONG,

                Plaintiff,

v.

JANE AND JOHN DOE, UNITED STATES
MARSHAL SERVICE; JANE AND JOHN DOE, DANE
COUNTY JAIL; DR. T. MICHAEL NORK,
UNIVERSITY OF WISCONSIN
HEALTH-MADISON; JANE AND JOHN DOE,
COLUMBIA COUNTY JAIL; and JANE AND JOHN
DOE, MARATHON COUNTY JAIL,[1]

                Defendants.

ORDER

22-cv-348-jdp

---

Plaintiff Meng Xiong alleges that United States Marshals and jail staff delayed needed treatment for his only working eye and that a doctor botched surgery on that eye, leaving him blind. I granted Xiong leave to proceed on Federal Tort Claims Act claims against the United States, on Fourteenth Amendment and Wisconsin-law negligence claims against "John and Jane Doe" officials from the Dane County Jail, Marathon County Jail, and Columbia County Jail, and on a Wisconsin-law medical malpractice claim against defendant T. Michael Nort.[2] Dkt. 10. I also granted Xiong's motion for the court's assistance in recruiting him counsel. *Id.*

Counsel now appears for Xiong and has filed a proposed amended complaint. Dkt. 13. Before serving this complaint upon defendants I must screen it under 28 U.S.C. §§ 1915 and 1915A. The facts in the amended complaint largely track those in Xiong's amended complaint.

---

[1] I have amended the caption to reflect the defendants as listed in Xiong's amended complaint.

[2] Plaintiff's proposed amended complaint spells this defendant's last name as "Nork."

But Xiong does not include all of the causes of action that I considered in my previous screening order, and he adds others. The amended complaint lists three counts: (1) "Monell liability"; (2) the Americans with Disabilities Act; and (3) the Eighth Amendment to the United States Constitution. This raises a number of questions that must be resolved before the complaint is served upon defendants.

Xiong states that he wishes to bring claims under the Eighth Amendment, which applies to convicted prisoners, but nothing in his complaint suggest that he was a convicted prisoner during the events of the case. If he was a pretrial detainee during this time, the Fourteenth Amendment applies instead. *See, e.g., McCann v. Ogle Cnty., Ill.*, 909 F.3d 881, 886 (7th Cir. 2018).

Xiong invokes the theory of liability recognized in *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658 (1978), for a policy or custom that caused the delay in him receiving medical treatment here. That's another species of his constitutional claims, so Xiong still needs to make clear whether he was a prisoner or detainee at the time of events. And in any event, he doesn't name as defendants the entities that would be proper defendants under this theory (the counties), nor does he include allegations that state claims under a *Monell* theory. Xiong only conclusorily alleges that he was denied medical care at the Dane County, Columbia County, and Marathon County jails because of customs or policies there; he doesn't adequately allege facts showing that he was denied medical care because of a policy as opposed to individual decisions pertaining only to his circumstances.

Xiong attempts to bring claims under the Americans with Disabilities Act for defendants' failure to get him prompt medical care for his eye. But a prison official's failure to attend to a prisoner's medical needs, without more, does not violate the ADA. *See Bryant v.*

2

*Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) (holding that the ADA is not violated when a prison fails to attend to the medical needs of its disabled prisoners without other discrimination); *Ruffin v. Rockford Mem'l Hosp.*, 181 F. App'x 582, 585 (7th Cir. 2006) ("Ruffin cannot challenge a medical treatment decision under the ADA."). So he does not state any ADA claims.

As for defendants T. Michael Nork (a University of Wisconsin ophthalmologist) and Jane and John Doe United States Marshals, Xiong no longer includes the causes of action under which I allowed him to proceed against these defendants.

I will give Xiong a chance to file an amended complaint fixing some or all of the issues that I raise here or otherwise respond that he wishes to stand on the current amended complaint. If Xiong files a new amended complaint, he should be sure to explain which causes of action apply to each of the named defendants.

ORDER

IT IS ORDERED that plaintiff may have until September 3, 2024, to respond to this order as directed above.

Entered August 12, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge