IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MENG XIONG,

Plaintiff,

v.

JANE AND JOHN DOE, DANE COUNTY JAIL;
JANE AND JOHN DOE, COLUMBIA COUNTY JAIL;
JANE AND JOHN DOE, MARATHON COUNTY
JAIL; KALVIN BARRETT; CHAD BILLEB;
and ROGER L. BRANDNER,

Defendants.

OPINION and ORDER

22-cv-348-jdp

---

Plaintiff Meng Xiong, appearing by counsel, alleges that staff at the Marathon County and Dane County jails ignored his need to have prompt surgery to remove silicone oil from his eye, and staff at the Columbia County Jail failed to allow him to get a second opinion instead of sending him back to the medical group that botched his oil-removal surgery. I granted Xiong leave to proceed on Fourteenth Amendment claims against these defendants. Dkt. 16.

Currently before the court are Xiong's motion for leave to amend his complaint to name some of the John and Jane Doe defendants and add claims under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), Dkt. 39, and defendants' motions for summary judgment on the grounds that Xiong failed to exhaust his administrative remedies, Dkt. 43 (joint motion by the Marathon County and Dane County defendants) and Dkt. 46 (motion by the Columbia County defendants). I will deny Xiong's motion to amend his complaint as moot because the record shows that Xiong failed to exhaust his administrative remedies. I will grant defendants' exhaustion-based summary judgment motions and I will dismiss the case without prejudice.

ANALYSIS

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all available administrative remedies before filing a lawsuit in federal court about prison or jail conditions. 42 U.S.C. § 1997e(a). To comply with § 1997e(a), a prisoner must take each step in the administrative process, *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025. The purpose of these requirements is to give the jail administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006). Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by the defendant. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

## A. Marathon County and Dane County

It's undisputed that Xiong didn't file a grievance to Marathon County or Dane County officials about the need for a prompt surgery. Nonetheless, Xiong contends that the process was unavailable to him because of his severe vision problems, because he was already communicating his concerns directly to medical officials, and because he wasn't aware that he needed to use the grievance process. Thus I take Xiong to be saying that the grievance system was unavailable to him for two related reasons: (1) his unawareness of the need to file a grievance; and (2) his physical impediments.

I'll start with Xiong's unawareness of the need to file a grievance. Xiong's apparent ignorance of the PLRA's exhaustion requirement isn't a defense against summary judgment.

2

And ordinarily, an inmate's ignorance of a prison's or jail's grievance procedures is not enough to show that the procedures were "unavailable" to him. *Hudson v. Corizon Med. Servs.*, 557 Fed. Appx. 573, 574–75 (7th Cir. 2014); *McSwain v. Schrubbe*, 382 Fed. Appx. 500, 503, 2010 WL 1904856, at *3 (7th Cir. 2010). Both the Marathon County and Dane County jail handbooks describe the process for filing grievances at those facilities, including those regarding "health and welfare" issues, Dkt. 48-1, at 2 (Dane County's policy) or "[m]edical" issues, Dkt. 49-1, at 2 (Marathon County's policy).[1] Xiong states that he routed his concerns through medical staff and that no one told him that he needed to file a grievance about the lack of adequate medical care. But his medical inquiries didn't satisfy the jails' grievance rules, and given the existence of the written rules, staff wasn't required to tell Xiong that he needed to file a grievance.

That leaves Xiong's argument about his physical limitations. "The PLRA does not excuse a failure to exhaust based on a prisoner's ignorance of administrative remedies, so long as the prison has taken reasonable steps to inform the inmates about the required procedures." *Ramirez v. Young*, 906 F.3d 530, 538 (7th Cir. 2018). In *Ramirez*, the court concluded that the grievance process wasn't available to a Spanish-speaking inmate who never had the grievance process explained to him. *Id.* If Xiong were physically incapable of learning the jails' grievance rules on his own and the jails did nothing to inform him about them, then their grievance systems would have been unavailable to him.

But that isn't what the record shows. Xiong states that he is legally blind and that "[g]iven [his] blindness and worsening vision, it would have been extremely difficult for [him]

---

[1] For documents submitted by the parties I will refer to the page numbering in the court's electronic filing system rather than the internal pagination of those documents.

to navigate complex grievance procedures without assistance." Dkt. 51, ¶ 21. But he stops short of saying that he couldn't actually read the jail handbooks or use the jails' electronic systems to pursue his grievances. And the evidence submitted by the parties show that Xiong could have read the handbooks and filed grievances. Xiong signed documents acknowledging receipt of both Marathon County's and Dane County's inmate handbooks; used the jails' electronic systems to submit medical requests and other inquiries unrelated to his medical care; and used Dane County's system to obtain a grievance number (although he did not follow up with a grievance). Xiong asks for a hearing under *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), on this issue, but given the facts here no reasonable factfinder could conclude that Xiong's limited eyesight prevented him from learning the grievance rules or using the grievance system. So I will grant summary judgment to the Marathon County and Dane County defendants on Xiong's claims against them.

**B.  Columbia County[2]**

Unlike with the other defendants, Xiong did file a grievance at the Columbia County jail, so he can't reasonably maintain an argument that he was unable to do so. (This is additional evidence that he was able to follow the grievance procedure at the other jails.) In his declaration, Xiong states, "Jail staff accepted that grievance and responded to it on the merits, stating that the  issue was resolved after they spoke with me and medical staff," and that "[a]fter that response, I understood that my complaint had been addressed and that no further action on my part was required." Dkt. 51, ¶¶ 15–16. But the Columbia County defendants submit a

---

[2] Xiong responds directly to only the joint motion for summary judgment filed by the Dane and Marathon County defendants. But from his materials I take him to be opposing the summary judgment motion filed by the Columbia County defendants as well, so I will consider his materials in analyzing the Columbia County defendants' motion.

copy of that grievance, in which Xiong complained about receiving two types of prescription cream medication. Dkt. 45-2. That grievance didn't cover the substance of Xiong's claims against Columbia County officials in this lawsuit—that they failed to allow him to get a second opinion instead of sending him back to the medical group that botched his oil-removal surgery. So that grievance didn't exhaust his claims. I will grant the Columbia County defendants' motion for summary judgment.

Because Xiong has failed to exhaust his administrative remedies, I will dismiss the entire case without prejudice, *see Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004), although it is almost certainly too late for Xiong to properly exhaust his claims now.

ORDER

IT IS ORDERED that:

1.  Plaintiff's motion to amend the complaint, Dkt. 39, is DENIED as moot.

2.  Defendants' motions for summary judgment, Dkt. 43 and Dkt. 46, are GRANTED.

3.  This case is DISMISSED without prejudice.

4.  The clerk of court is directed to enter judgment accordingly and close the case.

Entered May 12, 2026.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

5